UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                          Chapter 7
Gayle M. George,                                      Case No. 10-34145-svk
         Debtor.

DECISION AND ORDER
ON TRUSTEE'S OBJECTION TO THE DEBTOR'S EXEMPTIONS

Gayle George (the "Debtor") lives in Ellison Bay, Wisconsin, and she filed a Chapter 7 bankruptcy petition in the Eastern District of Wisconsin on August 30, 2010. Wisconsin debtors can choose their exempt property from either the Wisconsin state exemptions or the federal bankruptcy exemptions under 11 U.S.C. § 522(d). In this case, the Debtor selected the federal exemptions, but the Trustee objected, claiming that she is limited to the Illinois state exemptions, under which one of her vehicles would not be exempt. The Trustee's argument is that Debtor has not lived in Wisconsin long enough to utilize the exemptions available to Wisconsin residents, and Illinois has "opted out" of the federal exemptions.

It is undisputed that as of the date of the petition, the Debtor had lived in Wisconsin for less than 730 days, and had lived in Illinois for more than 180 days immediately prior to moving to Wisconsin. Section 522(b)(3)(A) of the Bankruptcy Code provides that if a debtor did not live in a state for 730 days immediately preceding the filing of the petition, the debtor's exemptions are governed by the state law where the debtor resided for the 180 days preceding the 730-day period. A hanging paragraph after § 522(b)(3)(C) states that if application of this choice of law provision renders the debtor ineligible for any exemption, the debtor may elect the federal bankruptcy exemptions under § 522(d).

In this case, because the Debtor did not live in Wisconsin for the requisite 730 days, she does not qualify for the Wisconsin state exemptions or the federal bankruptcy exemptions which are available to Wisconsin residents. Instead, the Debtor must look to the applicable law in her prior domicile — Illinois. However, unlike Wisconsin, Illinois has opted out of the federal exemption scheme, and does not allow its citizens to choose between state and federal exemptions. 735 Ill. Comp. Stat. 5/12-1201 (providing that "residents of [Illinois] shall be prohibited from using the federal exemptions under [11 U.S.C. § 522]"). The Trustee contends that because Illinois is the state which determines the Debtor's exemptions, and Illinois does not allow its residents to claim the federal exemptions, the Debtor must utilize the Illinois state exemptions. Only one of the Debtor's vehicles would not qualify as exempt under the Illinois exemptions. However, the Trustee's argument ignores that the Debtor no longer resides in Illinois, and the Illinois "opt-out" is specifically limited to residents.

Some states expressly confine their exemptions to residents or to property located within the state. For example, the Wisconsin exemption statute provides: "A resident is entitled to the exemptions provided by this section. A nonresident is entitled to the exemptions provided by the law of the jurisdiction of his or her residence." Wis. Stat. § 815.18(5). North Carolina limits its exemptions to residents: N.C. Gen. Stat. § 1C-1601(a) declares that "[e]ach individual, *resident* of this State, who is a debtor is entitled to retain [certain real and personal property as set forth in

§§ 1C-1601(a)(1)-(12)] free from the enforcement of claims of creditors . . ." (emphasis supplied). Colorado law likewise provides that Colorado exemptions are only available to Colorado residents. *See In re Underwood*, 342 B.R. 358, 360 n.1 (Bankr. N.D. Fla. 2006). Other state statutes are not as clear. Illinois law does not expressly limit personal property exemptions to state residents. The exemption statute under which the Trustee claims the Debtor must select her exempt property is 735 Ill. Comp. Stat. 5/12-1001 which states: "[t]he following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent . . . ."

However, a residency requirement may be implied by the structure and function of the applicable statutes. The Illinois exemptions are exemptions from the enforcement of judgments rendered by Illinois state courts, and the exemption provisions appear in Article XII of the Code of Civil Procedure governing those courts. Specifically, 735 Ill. Comp. Stat. 5/12-111 states that a judgment is not binding on personal property until a certified copy of the judgment is delivered to the sheriff or other proper officer to be served, and 735 Ill. Comp. Stat. 5/12-112 provides that "all of the goods and chattels (except such as is by law declared to be exempt) of every person against whom any judgment has been entered . . . shall be liable to be sold upon such judgment." Clearly an Illinois sheriff acting under the auspices of an Illinois state court would not have the authority to execute and levy on a motor vehicle owned by a Wisconsin resident and located in Wisconsin. *See Filkins v. Nunnemacher,* 81 Wis. 91, 51 N.W. 79, 80-81 (1892) (stating "a court cannot endow its officials with powers beyond its own jurisdiction. The stream cannot rise higher than the fountain-head."). That Illinois exemptions apply only to residents within the jurisdiction of the Illinois state courts appears obvious from the context of the statutes.

More evidence of the application of the exemptions to residents only is found in 735 Ill. Comp. Stat. 5/12-1101 which provides:

> Whoever, whether principal, agent or attorney, with intent thereby to deprive *any bona fide resident of the State of Illinois of his or her rights, under the statutes of Illinois on the subject of the exemption of property from levy and sale on a judgment*, or in attachment or garnishment, sends, or causes to be sent out of the State of Illinois any claim for a debt to be collected by proceedings in attachment, garnishment, or other process, when the creditor, debtor or person, or corporation owing for the earnings intended to be reached by such proceedings in attachment are each and all within the jurisdiction of the courts of the State of Illinois, shall be guilty of a petty offense and fined for each and every claim so sent in any sum not less than $10 nor more than $50.

(emphasis supplied). This provision speaks directly of protecting the exemption rights of an Illinois resident, even if the exemption provision itself does not. The context of the exemption statute in the state court judgment enforcement provisions and the express reference to Illinois residents in § 12-1101 strongly suggests that only Illinois residents can claim Illinois exemptions. It follows that the Debtor in this case does not qualify to claim the Illinois exemptions as she no longer resides in Illinois. Since she cannot claim the Illinois exemptions as they are limited to residents, and she has not lived in Wisconsin long enough to claim the Wisconsin exemptions, the Debtor qualifies to select the federal exemptions under the safe harbor provision of the hanging paragraph.

2

Alternatively, even assuming that Illinois exemptions would be available to Wisconsin bankruptcy debtors by virtue of the choice of law provision of Bankruptcy Code § 522(b)(3)(A), the Court must consider more than just the list of Illinois state exemptions. As noted in *In re Adams*, 375 B.R. 532, 535 (Bankr. D. Mo. 2007): "Furthermore, Debtors seem to be misconstruing § 522(b)(3). That section does not require that Florida's *exemptions* be applied in this case, rather that Florida's *exemption law* be applied." (emphasis in original). Application of the entirety of Illinois exemption law, rather than the specific Illinois state exemptions, necessarily includes the opt-out provision which states:

> In accordance with the provision of Section 522(b) of the Bankruptcy Code of 1978, (11 U.S.C. 522(b)), residents of this State shall be prohibited from using the federal exemptions provided in Section 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. 522(d)), except as may otherwise be permitted under the laws of Illinois.

735 Ill. Comp. Stat. 5/12-1201. Under this provision, only Illinois residents are prohibited from using the federal exemptions. Other bankruptcy courts that have considered similar fact patterns have concluded that if a state limits the opt-out provision to its residents, and the debtor is no longer a resident, the opt-out provision is inapplicable to the debtor. *In re Underwood*, 342 B.R. at 361-62 (concluding that since Colorado opt-out statute only prohibits Colorado residents from selecting federal exemptions, debtor who had moved from Colorado could claim federal exemptions); *In re Battle*, 366 B.R. 635, 637 (Bankr. W.D. Tex. 2006) (holding that "a non-Florida-resident debtor, forced into using Florida exemption law by § 522(b)(3)(A), may elect to use the federal exemptions under § 522(b)(2), because Florida's opt-out law does not bar non-residents from claiming federal exemptions.") Similarly in this case, the Illinois opt-out statute does not prohibit the Debtor from electing federal exemptions, because she is no longer a resident of Illinois. Application of the entire Illinois exemption scheme confirms that the Debtor is eligible to claim the federal exemptions.

In summary, either because the Illinois exemptions are limited to Illinois residents, thereby rendering the Debtor ineligible for any exemptions, and activating the safe-harbor provision of the hanging paragraph after § 522(b)(3)(C), or because the Illinois opt-out provision does not apply to prevent a nonresident from claiming the federal bankruptcy exemptions, the Debtor is entitled to claim the federal exemptions.

IT IS THEREFORE ORDERED: the Trustee's objection is overruled.

Dated: December 17, 2010

By the Court:

*Susan Kelley*

Susan V. Kelley
U.S. Bankruptcy Judge